UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO TREJO PEREZ,<br><br>        Petitioner,<br><br>v.<br><br>RAYMOND MADDEN,<br><br>        Respondent. | Case No. 1:17-cv-01028-DAD-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITION FOR WRIT OF HABEAS CORPUS<br><br>ECF No. 1<br><br>OBJECTIONS DUE IN 14 DAYS |

Petitioner Antonio Trejo Perez, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. According to petitioner, the state trial court erroneously excluded a witness's prior statements in violation of petitioner's constitutional right to present a complete defense. Because the prior statements had limited probative value—and any value they had was potentially outweighed by the risk of jury confusion—a reasonable jurist could find that the exclusion of the witness's prior statement was appropriate. I recommend that the court deny the petition and decline to issue a certificate of appealability.

**I.    Background**

While on parole, petitioner allegedly attacked his landlord with a pitchfork after learning that the landlord had a sexual relationship with petitioner's wife. He then fled to the Texas-Mexico border, where he was apprehended. A jury found petitioner guilty of assault with a deadly weapon, in violation of the conditions of his parole. The Superior Court of Merced

1

County sentenced petitioner to 10 years in prison and ordered that petitioner pay $2,700 in restitution for the assault and another $2,700 in restitution for violating parole.

We set forth below the facts of the underlying offenses, as stated by the Court of Appeal. A presumption of correctness applies to these facts. *See* 28 U.S.C. § 2254(e)(1); *Crittenden v. Chappell*, 804 F.3d 998, 1010-11 (9th Cir. 2015).

> Seventy-two-year-old Cesar Alcordo was the co-owner of a 10-acre parcel in Delhi, in rural Merced County, since 1962. Perez and his wife, Olga Zarate, had rented a house on Alcordo's property for 19 years, but moved out after Perez was incarcerated for an unrelated incident and Zarate was unable to continue the rental payments. Zarate moved to Washington state. Later, while Perez was in custody, Zarate moved in with Alcordo in Modesto for several months and they began a sexual relationship.
>
> When Perez was released, Alcordo urged Zarate to go back with Perez, which she did and they lived together in Modesto. Alcordo moved a trailer onto his property and lived there while the house, which had been trashed, was repaired. Sometime later, Zarate telephoned Alcordo and said she wanted to get away from Perez. Alcordo allowed Zarate to move back into the bedroom in the house on the property, and they resumed their relationship. About a week before the assault, Perez came to the house and demanded to speak with Zarate. An argument ensued between Perez and Zarate. Alcordo, holding a shotgun, told Perez to leave, which Perez did.
>
> Perez returned on June 5, 2012. Alcordo was in his trailer when the door was forced open by Perez, who entered and pointed a pitchfork at Alcordo. A struggle ensued in which Perez jabbed Alcordo several times with the pitchfork and punched him multiple times in the face.
>
> During the fight, Alcordo called to Zarate, who was inside the house, and told her to get the shotgun and to call 911. Zarate ran outside to the trailer and informed the 911 operator that Perez was attacking Alcordo with a pitchfork and that she was bleeding, after also being stabbed with the pitchfork. During the call, Perez drove off in his van and headed for Mexico. When Deputy Sheriff Lane Clark arrived on scene, he found Alcordo naked, covered in blood with a head wound, cuts to his torso, and a swollen eye. He was taken to the hospital where he received 12 staples.
>
> Perez escaped to Mexico and was a fugitive there for over a year before being detained and arrested at the Texas-Mexico border. Perez initially told detectives he did not hit Alcordo, but later retracted that statement and admitted to punching [Alcordo] "a couple of times" and stabbing him only once with the pitchfork. Perez denied jabbing Alcordo in the head with the pitchfork, and suggested that Alcordo received his head wounds by either falling or by "[doing] it to himself."

2

*People v. Perez*, No. F070382, 2016 WL 5118297, at *1-2 (Cal. Ct. App. Sept. 21, 2016).

**II.     Discussion**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). Section 2254 of Title 28, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs a state prisoner's habeas petition. *See* § 2254; *Harrington v. Richter*, 562 U.S. 86, 97 (2011); *Woodford v. Garceau*, 538 U.S. 202, 206-08 (2003). To decide a Section 2254 petition, a federal court examines the decision of the last state court that issued a reasoned opinion on petitioner's habeas claims. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

When a state court has adjudicated a petitioner's claims on the merits, a federal court reviews the state court's decision under the deferential standard of Section 2254(d). Section 2254(d) precludes a federal court from granting habeas relief unless a state court's decision is (1) contrary to clearly established federal law, (2) a result of an unreasonable application of such law, or (3) based on an unreasonable determination of facts. *See* § 2254(d); *Murray v. Schriro*, 882 F.3d 778, 801 (9th Cir. 2018). A state court's decision is contrary to clearly established federal law if it reaches a conclusion "opposite to" a holding of the United States Supreme Court or a conclusion that differs from the Supreme Court's precedent on "materially indistinguishable facts." *Soto v. Ryan*, 760 F.3d 947, 957 (9th Cir. 2014) (citation omitted). The state court's decision unreasonably applies clearly established federal law when the decision has "no reasonable basis." *Cullen v. Pinholster*, 563 U.S. 170, 188 (2011). An unreasonable determination of facts occurs when a federal court is "convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record." *Loher v. Thomas*, 825 F.3d 1103, 1112 (9th Cir. 2016). A federal habeas court has an obligation to consider arguments or theories that "could have supported a state court's decision." *See Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2557 (2018) (quoting *Richter*, 562 U.S. at 102). On all issues decided on the merits, the petitioner must show that the state court's decision is "so lacking in justification that there was an error well understood

and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

Even when a state court does not explicitly address a petitioner's claims on the merits, a Section 2254 petitioner must satisfy a demanding standard to obtain habeas relief. When a state court gives no reason for denying a petitioner's habeas claim, a rebuttable presumption arises that the state court adjudicated the claim on the merits under Section 2254(d). *See Richter*, 562 U.S. at 99. And a federal habeas court's obligation to consider arguments or theories that could support a state court's decision extends to state-court decisions that offer no reasoning at all. *See Sexton*, 138 S. Ct. at 2557.

If a state court denies a petitioner's habeas claim solely on a procedural ground, then Section 2254(d)'s deferential standard does not apply, *see Visciotti v. Martel*, 862 F.3d 749, 760 (9th Cir. 2016), but the petitioner faces another hurdle: if the state court's decision relies on a state procedural rule that is "firmly established and regularly followed," the petitioner has procedurally defaulted on his claim and cannot pursue habeas relief in federal court unless he shows that the federal court should excuse his procedural default. *See Johnson v. Lee*, 136 S. Ct. 1802, 1804 (2016); *accord Runningeagle v. Ryan*, 825 F.3d 970, 978-79 (9th Cir. 2016). If the petitioner has not pursued his habeas claim in state court at all, the claim is subject to dismissal for failure to exhaust state-court remedies. *See Murray*, 882 F.3d at 807.

If obtaining habeas relief under Section 2254 is difficult, "that is because it was meant to be." *Richter*, 562 U.S. at 102. As the Supreme Court has put it, federal habeas review "disturbs the State's significant interest in repose for concluded litigation, denies society the right to punish some admitted offenders, and intrudes on state sovereignty to a degree matched by few exercises of federal judicial authority." *Id.* at 103 (citation omitted). Our habeas review authority serves as a "guard against *extreme* malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (emphasis added).

Here, petitioner raises only two habeas claims: (1) the state trial court violated his right to present a complete defense when it excluded a prior statement of the landlord, Cesar Alcordo; and (2) the state trial court incorrectly calculated the amount of restitution. The Court of Appeal

rejected both claims on the merits. The California Supreme Court denied review. This court reviews the last reasoned opinion—that of the Court of Appeal. Because the Court of Appeal rejected both claims on the merits, the deferential standard of Section 2254 applies to both claims.

### a. Right to Present a Complete Defense

At trial, petitioner's counsel attempted to cross-examine Alcordo about his prior statements to the police. Alcordo had told the police, the day after the alleged assault, about his suspicion that petitioner and his wife might have stolen his truck and some cash. A few days later, Alcordo found the missing items and concluded that he made a mistake when he reported his suspicions to the police. These statements by Alcordo were excluded by the trial court as irrelevant. On direct appeal, petitioner argued that the exclusion of Alcordo's prior statements violated his right to present a complete defense. The Court of Appeal rejected petitioner's claim and affirmed the trial court's exclusion of the statements. In this habeas proceeding, petitioner contends that Alcordo's prior statements were relevant to Alcordo's credibility because they could have supported petitioner's theory that Alcordo had "profound memory and credibility problems." ECF No. 1 at 15, 18-21.

Under the Sixth and Fourteenth Amendments of the Constitution, a criminal defendant has the right to present a complete defense. *Greene v. Lambert*, 288 F.3d 1081, 1090 (9th Cir. 2002). To ensure that right, the Supreme Court has developed "what might loosely be called the area of constitutionally guaranteed access to evidence," which encompasses a variety of privileges. *See California v. Trombetta*, 467 U.S. 479, 485 (1984) (citing *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and *Napue v. Illinois*, 360 U.S. 264 (1959)). The right to present a complete defense, however, has its limits. *See Hernandez v. Holland*, 750 F.3d 843, 859 (9th Cir. 2014); *Greene v. Lambert*, 288 F.3d 1081, 1090 (9th Cir. 2002).

At trial, the right to present a complete defense does not permit criminal defendants to introduce every piece of evidence. As the Ninth Circuit has explained, "state and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials." *Greene v. Lambert*, 288 F.3d 1081, 1090 (9th Cir. 2002); *accord Moses v.*

*Payne*, 555 F.3d 742, 759 (9th Cir. 2009). To prevail on a claim that a state court's exclusion of evidence violated the right to present a complete defense, a habeas petitioner must:

> make a plausible showing that some disallowed evidence would have aided him and that the trial court in disallowing it misapplied some Supreme Court-decreed "fundamental" "principle of justice," or rendered the evidentiary hearing "unsupported by sufficient evidence," or "defective," to the point that "*any* appellate court to whom the defect is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate."

*Hernandez v. Holland*, 750 F.3d 843, 860 (9th Cir. 2014) (quoting Patterson, 432 U.S. at 201-02, 97 S. Ct. 2319 and Taylor, 366 F.3d at 999, 1000 (emphasis in original). Because this standard does not provide a bright-line rule, courts turn to case law, which provides that the standard is satisfied only in rare circumstances. *See Nevada v. Jackson*, 569 U.S. 505, 509 (2013) ("Only rarely have we held that the right to present a complete defense was violated by the exclusion of defense evidence under a state rule of evidence."). For example, a state court's failure to provide any rationale at all for excluding evidence favorable to a petitioner can violate the right to present a complete defense. *See Crane v. Kentucky*, 476 U.S. 683, 690 (1986). Similarly, excluding potentially-exculpatory evidence simply because the government has presented strong evidence of a defendant's guilt—thereby evaluating only the government's evidence without allowing the defendant to rebut it—can violate the right. *See Holmes v. South Carolina*, 547 U.S. 319, 329 (2006). Likewise, categorically prohibiting a criminal defendant from calling principals, accomplices, or accessories in the charged offense as witnesses can constitute such a violation. *See Washington v. Texas*, 388 U.S. 14, 20 (1967). In all cases, the deprivation of the opportunity to present a complete defense must be so egregious that the appellate decision upholding the evidentiary ruling would be unreasonable. *See Hernandez*, 750 F.3d at 860.

Here, a reasonable jurist could conclude that excluding Alcordo's prior statements was appropriate because the excluded statement's probative value was outweighed by the concern for jury confusion.[1] On the one hand, the excluded evidence had limited probative value. The fact

---

[1] *See Holmes*, 547 U.S. at 326 (reasoning that Constitution does not forbid exclusion of evidence if "its probative value is outweighed by certain other factors such as unfair prejudice, confusion

6

that Alcordo had some difficulty in finding certain misplaced items might arguably make it more likely that he had poor memory, but such mistakes are common. If Alcordo had the tendency to rush to conclusions based on limited information—as might arguably be shown by his concluding too quickly that his truck and cash were stolen—such tendency could make him less credible a witness, but Alcordo's suspicions "didn't come out of nowhere." ECF No. 17-3 at 144. Before the alleged assault, Alcordo had prior experience with having his property stolen by petitioner's wife. ECF No. 17-3 at 146. Additionally, the parties agree that just one day before the police report, Alcordo suffered serious injuries during a physical alternation with petitioner. Given Alcordo's experience of having his property stolen and the recent physical altercation with petitioner, Alcordo's suspicions of petitioner and his wife do not significantly undermine his credibility. On the other hand, admitting the evidence posed a risk of jury confusion: the evidence could have led the jury to speculate that petitioner and his wife had a conspiracy against Alcordo. (No one was arguing that any such conspiracy existed.) Balancing the limited probative value of the excluded evidence against the concern for jury confusion, a reasonable jurist could conclude that the trial court appropriately excluded Alcordo's prior statement.

### b. Restitution

Petitioner contends that the state trial court miscalculated the amount of restitution he must pay. He argues that the correct amount for restitution is $2,160, not $2,700, as imposed by the trial court. ECF No. 1 at 29-32. This claim does not challenge the legality of petitioner's custody, so it is not a cognizable habeas claim. *See Bailey v. Hill*, 599 F.3d 976, 979 (9th Cir. 2010) ("Liability under a restitution order is 'like a fine-only conviction" and "is not a serious restraint on . . . liberty as to warrant habeas relief.'" (quoting *Tinder v. Paula*, 725 F.2d 801, 805 (1st Cir. 1984))). Petitioner is not entitled to relief on this claim, and no other claim remains. I recommend that the court deny the petition in its entirety.

---

of the issues, or potential to mislead the jury"); *United States v. Changa*, 901 F.2d 741, 743 (9th Cir. 1990) ("The defendant's right to attack the witness' general credibility enjoys less protection than his or her right to develop the witness' bias."); Kenneth S. Broun, George E. Dix, et al., 1 MCCORMICK ON EVID. § 185 (7th ed. 2016) (stating that relevance "does not ensure admissibility" and that a "great deal of evidence is excluded on the ground that the costs outweigh the benefits").

**III.     Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, the court should decline to issue a certificate of appealability.

**IV.     Findings and Recommendations**

I recommend that the court deny the petition and decline to issue a certificate of appealability. Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, we submit the findings and recommendations to the U.S. District Court Judge presiding over the case. Within fourteen days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:     September 25, 2019                                    _____
                                                                                  UNITED STATES MAGISTRATE JUDGE

No. 202

9