UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO TREJO PEREZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RAYMOND MADDEN,<br><br>　　　　Respondent. | No. 1:17-cv-01028-DAD-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. No. 19) |

Petitioner Antonio Trejo Perez is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 25, 2019, the assigned magistrate judge issued findings and recommendations recommending that the petition be denied because petitioner's primary claim—that his constitutional rights were violated because the state trial court erroneously excluded a witness' prior statements—was without merit. (Doc. No. 19.) Specifically, the pending findings and recommendations found that "a reasonable jurist could conclude that excluding [that witness'] prior statements was appropriate because the excluded statement[s'] probative value was outweighed by the concern for jury confusion." (*Id.* at 6.) The magistrate judge found that petitioner's additional claim—that the state trial court miscalculated the amount of restitution he

1

must pay—did not challenge the legality of his confinement and thus was not a cognizable habeas claim. (*Id.* at 7.) The findings and recommendations were served on petitioner with notice that any objections thereto were to be filed within fourteen (14) days of the service thereof. (*Id*. at 8.) On October 7, 2019, petitioner filed objections to the magistrate's findings and recommendations. (Doc. No. 20).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the undersigned concludes that the findings and recommendations are supported by the record and proper analysis. In his objections, petitioner merely repeats the same arguments that the pending findings and recommendations considered and found to be insufficient to state a cognizable claim for federal habeas relief. (*See* Doc. No. 20.) Petitioner's objections therefore do not meaningfully dispute the magistrate judge's findings and recommendations, which the undersigned will adopt in full.

Having concluded that the pending petition must be denied, the court now turns to whether a certificate of appealability should issue. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Specifically, the federal rules governing habeas cases brought by state prisoners require a district court issuing an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. 28 U.S.C. § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made such a showing. Accordingly, a certificate of appealability will not be issued.

2

Accordingly,

1. The September 25, 2019 findings and recommendations (Doc. No. 19) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is denied;
3. The Clerk of the Court is directed to enter judgment and close this case; and
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **March 9, 2020**

UNITED STATES DISTRICT JUDGE